IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3139-M

| | | |
|---|---|---|
| JOHN M. GAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TAMARA D. LYN, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on plaintiff's motion for reconsideration of the court's dismissal of formerly-named defendant, Michael Carvajal ("Carvajal"), (D.E. 13) and "supplemental motions of intervening and substantial circumstances of controlling effect," which the court construes as a motion to amend, (D.E. 26). Also before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 19). Plaintiff responded to defendant's motion to dismiss, and defendant responded to plaintiff's "supplemental motions of intervening and substantial circumstances of controlling effect." For the following reasons, the court denies plaintiff's motion for reconsideration and "supplemental motions of intervening and substantial circumstances of controlling effect," and grants defendant's motion to dismiss.

**STATEMENT OF THE CASE**

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing a complaint alleging claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

---

[1] Formerly-named defendants Michael Carvajal and William Barr were dismissed by court order on June 15, 2021.

403 U.S. 388 (1971). (See Compl. (D.E. 1); Corrected Compl. (D.E. 4)). Although plaintiff's complaint and corrected complaint are not the model of clarity, it appears he alleges defendant failed to provide humane conditions of confinement in violation of the Eighth Amendment to the United States Constitution. (Corrected Compl. (D.E. 4) at 5). He also alleges violations of the CARES Act, and the use of ex post facto laws. (Id.).

On June 15, 2021, the court performed an initial review of plaintiff's claims, dismissed formerly-named defendants Carvajal and William Barr, and allowed the claims against defendant to proceed. (June 14, 2021, Ord. (D.E. 10) at 4). On July 2, 2021, plaintiff filed the instant motion for reconsideration of the court's dismissal of Carvajal. (Pl.'s Mot. Reconsideration (D.E. 13)). On August 23, 2021, defendant filed the instant motion to dismiss arguing plaintiff failed to exhaust his administrative remedies and, in the alternative, that he failed to allege sufficient facts to state a claim on which relief may be granted. (Def. Mot. to Dismiss (D.E. 19)). On September 14, 2021, plaintiff responded in opposition. (Pl.'s Resp. (D.E. 22)). On February 11, 2022, plaintiff filed "supplemental motions of intervening and substantial circumstances of controlling effect," which the court construes as a motion to amend. (Pl.'s Suppl. Mot. (D.E. 26)). Defendant responded in opposition on February 23, 2022. (Def.'s Resp. (D.E. 28)).

## STATEMENT OF FACTS

In the light most favorable to plaintiff, the facts of the case are as follows. Plaintiff shares a 70-square-foot cell with two other inmates, and there are 16 toilets for about 150 inmates at the Low Security Correctional Institution at Butner ("LSCI Butner"). (Corrected Compl. (D.E. 4) at 5). Between five and 13 inmates at Butner Federal Correctional Complex ("Butner FCC") have died from COVID-19. (Id. at 5). Sixty-five inmates and 27 correctional officers at FCC have

tested positive for COVID-19. (Id.). Inmates physically cannot be more than two or three feet apart, and the air conditioning system circulates air for 150 inmates. (Id.). Twelve hundred inmates nationwide have tested positive for COVID-19. (Id.). Further, inmates from across the United States have been transferred to Butner FCC for medical treatment and are vulnerable to COVID-19 like plaintiff. (Id.). COVID-19 treatments at LSCI Butner will not include hydroxy-chloroquine or other anti-viral medications and only nasal oxygen will be provided. (Id.). Inmates will not be transferred to private hospitals for treatment on ventilators because there are not enough correctional officers to transport inmates. (Id.). Further, inmates will not be resuscitated. (Id.). Medical staff as LSCI Butner are not competent to handle the COVID-19 crisis, and the administration is refusing to release inmates pursuant to the CARES Act. (Id. at 6). Twenty-seven days after March 27, 2020, no inmates had been released and a list for early release was not immediately available. (Id.).

Plaintiff is "in imminent danger of death or serious physical injury" and qualifies for release pursuant to the CARES Act. (Id.). At the time of filing, plaintiff was 66 years old, and he was housed in a low security facility and had a minimal risk of recidivism. (Id. at 7; Compl. (D.E. 1) at 2). He is a nonviolent, first-time offender who has been a model prisoner. (Compl. (D.E. 1) at 2; Corrected Compl. (D.E. 4) at 7). He suffers from "frontotemportal dementia, a terminal illness with an end-of-life trajectory." (Compl. (D.E. 1) at 2; Corrected Compl. (D.E. 4) at 7). Plaintiff also suffers from hypertension. (Compl. (D.E. 1) at 2; Corrected Compl. (D.E. 4) at 7). Both diagnoses place plaintiff at high risk for COVID-19. (Corrected Compl. (D.E. 4) at 7). At the time of filing, plaintiff did not have COVID-19. (Compl. (D.E. 1) at 2; Corrected Compl. (D.E. 4) at 7). Plaintiff submitted a request for release and a re-entry plan. (Compl.

3

(D.E. 1) at 2; Corrected Compl. (D.E. 4) at 7).

As relief, plaintiff seeks: (1) "an emergency expedited order for [his] immediate release . . . to home confinement"; (2) compensatory damages equal to $3,500.00 per day beginning from March 27, 2020, to the day of plaintiff's relief from prison; (3) an order stating that, if plaintiff dies of COVID-19 before his release, compensatory damages of $25,000,000.00 will be paid to his wife; and (4) any other relief the court deems just and proper. (Compl. (D.E. 1) at 4–5; Corrected Compl. (D.E. 4) at 8).

## COURT'S DISCUSSION

A.   Motion to Amend (D.E. 26)

The court first considers plaintiff's "supplemental motions of intervening and substantial circumstances of controlling effect," which the court construes as a motion to amend. Plaintiff requires leave of the court to amend. See Fed. R. Civ. P. 15(a)(2). Further, "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quotation omitted).

Here, plaintiff requests "monetary damages for violation of [his] First and Eighth Constitutional Amendment rights for false imprisonment/illegal confinement when M.L. King, the current warden of LSCI Butner[,] denied [plaintiff's] compassionate release request," and "an injunction/(TRO) temporary restraining order to prevent M.L. King . . . from denying

4

compassionate release requests for elderly inmates with high risk medical conditions." (Suppl. Mot. (D.E. 26) at 2, 5). Such claims and relief are unrelated to claims brought against defendant in the instant action. Asserting new, unrelated claims and joining an addition defendant at this time would be unduly prejudicial to defendant and unduly delay this action. Accordingly, the additional claims are not appropriate to add to this action, and the motion is denied. See Assa'ad-Faltas v. Wal-Mart Stores East, L.P., 2020 WL 1140677, at 1 (E.D.N.C. Mar. 9, 2020) (denying motion to supplement complaint with unrelated claims); Collins v. South Carolina, No. 818-2596-MGL-JDA, 2019 WL 4195539, at *3 (D.S.C. Aug. 7, 2019), R & R adopted, No. 8:18-2596-MGL, 2019 WL 4194335 (D.S.C. Sept. 4, 2019) ("Plaintiff's new claim is unrelated to the claims in his original pleading and must be pursued, if at all, in a separate action.").

B.  Motion for Reconsideration (D.E. 13)

The court now turns to plaintiff's motion for reconsideration of the court's dismissal of formerly-named defendant Carvajal. Carvajal was dismissed from this action on June 15, 2021, because the claims were solely based on a theory of respondeat superior. (June 15, 2021, Ord. (D.E. 10) at 4); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Moreover, plaintiff has not alleged that he himself has suffered an injury from the alleged violations regarding conditions of confinement related to housing during the COVID-19 pandemic. He does not even allege he has contracted COVID-19. Accordingly, for the reasons stated in its June 15, 2021, order, the court denies the motion for reconsideration.

5

C.  Motion to Dismiss

   1.  Legal Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Iqbal, 556 U.S. at 677–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

"[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 679–80. However, the court will not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" or "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation marks and citations omitted). "Nor must [a court] accept as true allegations that contradict matters properly subject to judicial notice." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

6

2. Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017). The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The FBOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the FBOP's regional director, using a BP-10 form, and then to the FBOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

Here, defendant argues that it is apparent from the face of the complaint that plaintiff has failed to exhaust his administrative remedies. (Def.'s Mem. (D.E. 20) at 7). The court agrees.

7

Plaintiff indicates that he has completed the grievance process under the CARE Act specifically. (Corrected Compl. (D.E. 4) at 8). He additionally cites to a denial letter in which defendant denied plaintiff's request for compassionate release or reduction in sentence. (Corrected Compl. Exhibit (D.E. 4-1) at 3). However, the exhaustion requirements for compassionate release or reduction of sentence and for a Bivens action are different. Compare United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2022 ("[T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional and satisfied if a defendant requests the [BOP] to bring a motion on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision *or* waits 30 days from the date of their initial request to file a motion in the district court."), with 28 C.F.R. § 542 (providing "the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement"). Accordingly, plaintiff has failed to exhaust his administrative remedies regarding his conditions of confinement claims, and this action is dismissed.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion for reconsideration (D.E. 13) and "supplemental motions of intervening and substantial circumstances of controlling effect, which the court construed as a motion to amend, (D.E. 26). Defendant's motion to dismiss (D.E. 19) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of March, 2022.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge